UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| L.A.M.B. OXFORD MANAGEMENT AND TECHNOLOGY COMPANY, INC., <br><br>Plaintiff,<br><br>v.<br><br>ROBERT RUTKOWSKI,<br><br>Defendant. | Case No. 18-CV-02522-LHK <br><br>**ORDER REMANDING CASE TO STATE COURT** |

On March 20, 2018, Plaintiff L.A.M.B. Oxford Management and Technology Company, Inc. ("Plaintiff"), a California corporation, sued Defendant Robert Rutkowski ("Defendant"), a resident of California, in California state court for alleged misappropriation of trade secrets and other related state law causes of action. ECF No. 1-1. On April 27, 2018, Defendant removed the case to federal court based on federal question jurisdiction. *See* ECF No. 1. On May 4, 2018, Defendant filed a motion to dismiss and a motion for summary judgment. ECF No. 11. On May 25, 2018, Plaintiff filed an ex parte application for a temporary restraining order. ECF No. 19. For the reasons explained below, the Court concludes that it lacks subject matter jurisdiction over this case. As a result, the case is hereby REMANDED to state court for further proceedings.

1

Case No. 18-CV-02522-LHK
ORDER REMANDING CASE TO STATE COURT

## I. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## II. DISCUSSION

For the Court to have federal question jurisdiction over a complaint, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). "The well-pleaded complaint rule is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (internal quotation marks omitted). Plaintiff's complaint asserts only state law claims for misappropriation of trade secrets, unauthorized access to computers, unfair competition, interference with economic relations, intentional interference with prospective business relations, negligent interference with prospective business relations, and declaratory and injunctive relief. *See* ECF No. 1-1 at 2, 7-13. Generally, a complaint that asserts only state law claims does not arise under federal law. *Taylor*, 481 U.S. at 63.

The sole basis that Defendant advances for federal question jurisdiction is that Plaintiff's complaint "arises under the Computer Fraud and Abuse Act." ECF No. 1 at 2. Specifically,

2

Plaintiff states in the context of its state law misappropriation of trade secrets claim that Defendant is "in violation of, *inter alia*, 18 U.S.C. § 1030, et seq., Penal Code § 502, et seq., and California Civil Code § 3426, et seq." *See* ECF No. 1-1 at ¶ 41. Aside from this passing mention to 18 U.S.C. § 1030 in Plaintiff's state law cause of action, Plaintiff's complaint does not invoke any other federal law or federal question.

Federal question jurisdiction will lie over state law claims like Plaintiff's only "in certain cases" where those state law claims "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal court may exercise jurisdiction over a state law claim only if (1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) the court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Id.* at 314. The party seeking to establish jurisdiction must justify a need for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

Here, Defendant fails to demonstrate that federal question jurisdiction exists over Plaintiff's state law claims under *Grable*. First, Defendant does not explain why Plaintiff's state law cause of action for misappropriation of trade secrets necessarily raises federal issues. Instead, Defendant merely points generally to Plaintiff's passing mention of 18 U.S.C. § 1030, *see* ECF No. 1 at ¶ 7, without discussing the particular federal issues that are implicated by Plaintiff's state law misappropriation of trade secrets cause of action. Indeed, to the extent that establishing the underlying conduct is unlawful is required, it appears to be possible that Plaintiff could prove a misappropriation of trade secrets cause of action in a way that entirely avoids 18 U.S.C. § 1030 and relies instead on California Penal Code § 502, which Plaintiff also invokes in the same sentence of its complaint. Thus, although Plaintiff mentions a federal law, the state law cause of action does not necessarily raise a federal issue. *See Grable*, 545 U.S. at 314; *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024 (9th Cir. 2011) (holding that federal question jurisdiction did not exist where a lease was governed "by [a] specific federal statutory and regulatory scheme" but the plaintiff's cause of action relating to the lease did not require the

3

resolution of a federal question of law). Moreover, none of Plaintiff's causes of action are expressly brought under federal law.

Thus, because the Court lacks subject matter jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("Under § 1447(c), the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" (alterations in original)).

### III. CONCLUSION

For the foregoing reasons, the Court REMANDS the case to Santa Clara County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 25, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge